8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cathileen MCNAMARA, Plaintiff-Appellant,
v.
Todd EDWARDS, California Hardwear, California Athletic
Designs, Inc., Brent Edwards, Doug Neilsson,
Gibson, Dunn & Crutcher, a legal
partnership, and DOES 1
through 25,
Defendants-
Appellees.
 No. 92-15837.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Oct. 15, 1993.
 
 Before: HUG, FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court dismissed with prejudice McNamara's complaint against Gibson, Dunn & Crutcher for failure to state a claim. The court also dismissed McNamara's claim against Doug Neilsson but permitted her thirty days to amend the complaint. After thirty days passed and McNamara failed to file an amended complaint, Neilsson moved to dismiss for failure to prosecute and the court granted his motion. McNamara appeals.
 
 
 3
 We affirm.
 
 
 4
 McNamara asserts that the district court did not have jurisdiction to dismiss her claim against Neilsson because she had already stipulated to the dismissal of the entire action under Fed.R.Civ.P. 41(a)(1)(ii). We reject the argument. Todd and Brent Edwards and McNamara signed a Rule 41(a)(1)(ii) stipulation for dismissal. Rule 41(a)(1)(ii) requires the signature of "all parties who have appeared in the action". Neilsson did not sign the stipulation of dismissal. Therefore, the stipulation did not operate to dismiss McNamara's complaint against Neilsson.
 
 
 5
 McNamara argues that under Fed.R.Civ.P. 41(a)(1)(i), she had the right to dismiss the action against Neilsson without order of the court. McNamara did not file a notice of dismissal, and therefore, cannot claim the benefit of Rule 41(a)(1)(i). The district court had jurisdiction. GD & C's liability was derivative of Neilsson's liability. As the complaint against Neilsson has been dismissed with prejudice, GD & C cannot be held liable.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3